(128 P.3d 981)

No. 94,531
No. 94,544
No. 94,545

MICHAEL CARTER, *Appellee*, v. RAY ROBERTS, WARDEN, *et al.*, *Appellants*.

LEWIS JONES, JR., *Appellee*, v. RAY ROBERTS, WARDEN, *et al.*, *Appellants*.

DAVID B. SIMMONS, *Appellee*, v. DEPARTMENT OF CORRECTIONS, *Appellant*.

Opinion filed February 10, 2006.

*Julie St. Peter*, of Kansas Department of Corrections, of El Dorado, for appellants.

*Steven C. Sherwood,* of Legal Services For Prisoners, Inc., of El Dorado, for appellees.

Before HILL, P.J., GREENE, J., and BUKATY, S.J.

GREENE, J.: The Kansas Department of Corrections (KDOC) appeals three district court decisions construing and applying K.S.A. 22-3717 to determine parole eligibility without regard to original sentencing under the Habitual Criminal Act (HCA), K.S.A. 21-4504, arguing that parole eligibility for class B or C felonies should be determined with due regard for any original sentence imposed under the HCA. We agree with the KDOC and reverse the district court.

*Factual and Procedural Background*

This is a consolidated appeal consisting of three separate K.S.A. 60-1501 petitions filed in Butler County District Court.

In 1986 David Simmons was convicted in Case No. 86 CR 297 of a single class B felony and was sentenced to 15 years to life, which was tripled to 45 years to life pursuant to the Habitual Criminal Act, K.S.A. 1985 Supp. 21-4504. Simmons had previously received a minimum 5-year sentence for Case No. 78 CR 935 and had served approximately 4 years of that sentence when sentenced for the later crime. The KDOC aggregated 86 CR 297 and 78 CR 935 and set Simmons' current parole eligibility at 50 years less good-time credits, with a sentence begins date of January 24, 1982, thus establishing his projected parole eligibility date as January 24, 2007. Simmons filed a K.S.A. 60-1501 petition in 2004, challenging his parole eligibility date as violating K.A.R. 44-6-114, K.S.A. 1985 Supp. 22-3717, and *Cooper v. Werholtz,* 277 Kan. 250, 252, 83 P.3d 1212 (2004).

In 1983 Lewis Jones was convicted of kidnapping and robbery, a class B and class C felony respectively, and was sentenced to a term of 45 years to life for kidnapping and 15 to 60 years for robbery, both sentences to run concurrently and both tripled from the minimum sentence pursuant to the Habitual Criminal Act, K.S.A. 1982 Supp. 21-4504. After calculating a minimum aggregate sentence of 45 years, the KDOC set Jones' parole eligibility date at

22.5 years from his sentence begins date of November 29, 1982. Jones filed a K.S.A. 60-1501 petition in 2004, alleging his parole eligibility date was incorrect under *Cooper*.

In 1985 Michael Carter was also sentenced to a term of 45 years to life on a single class B felony pursuant to the Habitual Criminal Act, K.S.A. 1985 Supp. 21-4504. Carter's parole eligibility date was set at 22.5 years from his sentence begins date in 1987. Carter filed a K.S.A. 60-1501 petition in 2005, alleging an incorrect parole eligibility date and also citing *Cooper*.

At the hearings on these petitions, the parties stipulated to the facts and the district court concluded the applicable statutes and *Cooper* required each petitioner's parole eligibility date to be 15 years. In all three cases, the court relied on *Cooper*:

"THE COURT FINDS that the Habitual Criminal Act does not change the effect of K.S.A. 22-3717(c)(1) as it applies to the case herein, and that Petitioner should be eligible for parole after serving the aggregate minimum sentence applicable to him pursuant to K.S.A. 21-4608, less good time, for those crimes which are not class A felonies.

"THE COURT FURTHER FINDS that Petitioner's aggregate minimum sentence is fifteen years, which total is derived by taking one-third of Petitioner's minimum sentence as shown on his face sheet filed of record by Respondents herein, which sentence was tripled under the Habitual Criminal Act."

*Standard of Review*

This court must determine whether the district court's interpretation of K.S.A. 22-3717(c)(1), K.S.A. 21-4504, K.S.A. 21-4608, and *Cooper* was erroneous. Interpretation of a statute is a question of law over which appellate courts exercise unlimited review, and, in cases involving habeas corpus relief pursuant to K.S.A. 2002 Supp. 60-1501, an appellate court's review of the district court's conclusions of law is unlimited. *Cooper*, 277 Kan. at 252.

*Did the District Court Err in Construing and Applying K.S.A. 22-3717 Without Regard to Original Sentences Imposed Under K.S.A. 1985 Supp. 21-4504?*

KDOC challenges the district court's conclusions regarding parole eligibility for defendants convicted of class B felonies. K.S.A.

1985 Supp. 22-3717 and K.S.A. 1982 Supp. 22-3717 provided, in pertinent part:

"(a) Except as provided in subsection (b), an inmate, including an inmate sentenced pursuant to K.S.A. 21-4618 and amendments thereto, shall be eligible for parole after serving *the entire minimum sentence imposed by the court*, less good time credits.

. . . .

"(c) Except as provided in subsection (d), if an inmate is sentenced to imprisonment for more than one crime and the sentences run consecutively, the inmate shall be eligible for parole after serving the total of:

(1) *The aggregate minimum sentences, as determined pursuant to K.S.A. 21-4608 and amendments thereto*, less good time credits for those crimes which are not class A felonies."(Emphasis added.)

KDOC argues the "minimum sentence" for purposes of K.S.A. 1985 Supp. 22-3717(c)(1) is the sentence imposed by the court pursuant to the HCA, K.S.A. 1985 Supp. 21-4504(b), which read:

"(a) If a defendant is convicted of a felony a second time, the punishment for which is confinement in the custody of the secretary of corrections, the trial judge may sentence the defendant as follows, upon motion of the prosecuting attorney:

(1) *The court may fix a minimum sentence* of not less than the least nor more than twice the greatest minimum sentence authorized by K.S.A. 21-4501 and amendments thereto, for the crime for which the defendant is convicted.

. . . .

"(b) If a defendant is convicted of a felony a third or subsequent time, the trial judge shall sentence the defendant as follows, upon motion of the prosecuting attorney:

(1) *The court shall fix a minimum sentence* of not less than the greatest nor more than three times the greatest minimum sentence authorized by K.S.A. 21-4501 and amendments thereto, for the crime for which the defendant is convicted."(Emphasis added.)

Appellees contend that KDOC's argument was rejected by our Supreme Court in *Cooper*, which addressed these same circumstances for class A felonies and held generally that "[t]he Habitual Criminal Act does not change the effect of K.S.A. 1986 Supp. 22-3717, which is specific to the determination of parole eligibility." 277 Kan. at 254.

The question posed in this appeal is whether the Supreme Court's decision in *Cooper* interpreting these same statutes for defendants convicted of class A felonies is controlling for defen-

dants convicted of class B felonies. We determine that it is not controlling, principally because the court reached its conclusion in *Cooper* based upon the "plain language" of K.S.A. 1986 Supp. 22-3717, which for class A felonies stated:

"(b) An inmate sentenced for a class A felony, including an inmate sentenced pursuant to K.S.A. 21-4618 and amendments thereto, *shall be eligible for parole after serving 15 years of confinement*, without deduction of any good time credits."(Emphasis added.)

We do not believe *Cooper* requires that its conclusion for class A felonies should be extended to other crimes for which parole eligibility is not stated in precise years. In *Cooper*, the court was asked to construe *subsection (b)* of 22-3717, which specified eligibility for parole in a precise number of years (15) for class A felonies. We note that this is the *only* subsection within the statute which specifies parole eligibility in a precise number of years. For class B or C felonies, neither subsection (a) nor subsection (c) of the statute specifies a precise number of years for parole eligibility, but rather eligibility is based upon "the entire minimum sentence imposed" or "the aggregate minimum sentences" for all crimes committed, less good time credits.

Here, the defendants were sentenced under the HCA to controlling minimum terms of 45 to 50 years for class B and C felonies. In accord with the terms of the HCA, these were characterized as "minimum sentences," and we see no provision within K.S.A. 1985 Supp. 21-4608 or K.S.A. 1982 Supp. 21-4608 that requires these "minimum sentences" to be recalculated or, as the district court held, subjected to division by a factor of three for purposes of determining parole eligibility. In fact, we agree with KDOC that to construe the statutes as did the district court impinges upon the discretion of the sentencing court and undermines the legislative purpose served by the HCA. If parole eligibility were *always* to be determined without reference to the HCA enhancements, minimum sentences thereunder have little if any practical effect whatsoever. When the district court determined parole eligibility by dividing the original sentences by three, the effect was to resentence these defendants—a clearly impermissible act.

In summary, we understand the Supreme Court in *Cooper* to simply state that the precise number of years specified in 22-3717 for parole eligibility in cases of class A felonies cannot be altered by a longer minimum sentence imposed under the HCA. There is no basis in the statutory language or in the rationale of the court to expand this narrow ruling to all other crimes.

Reversed and remanded for further proceedings consistent with this opinion.